| | |
|---|---|
| Mario N. Alioto (State Bar No. 56433)<br>malioto@tatp.com<br>Lauren C. Russell (State Bar No. 241151)<br>laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Telephone: (415) 563-7200<br>Facsimile: (415) 346-0679<br><br>*Attorneys for Plaintiffs Marin Scotty's Market, Inc.* | James R. Nelson<br>DLA PIPER US LLP<br>1717 Main Street, Suite 4600<br>Dallas, TX 75201-4629<br>Telephone: (214) 743-4500<br>Facsimile: (214) 743-4545<br><br>*Attorney for Defendant Reddy Ice Holdings, Inc.* |
| Paula Render<br>prender@jonesday.com<br>JONES DAY<br>77 W. Wacker Dr., Suite 3500<br>Chicago, IL 60601<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585<br><br>*Attorney for Defendants Arctic Glacier Income Fund, Arctic Glacier, Inc., & Arctic Glacier International, Inc.* | Sanford M. Litvack<br>HOGAN & HARTSON<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 918-3000<br>Facsimile: (212) 918-3100<br><br>*Attorney for Defendant Home City Ice Co.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIN SCOTTY'S MARKET, INC., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>REDDY ICE HOLDINGS, INC.; ARCTIC GLACIER INCOME FUND; ARCTIC GLACIER, INC.; ARCTIC GLACIER INTERNATIONAL, INC.; and HOME CITY ICE COMPANY,<br><br>        Defendants. | Case No. 08-CV-01486-MMC<br><br>Judge Maxine M. Chesney<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO DELAY INITIAL CASE MANAGEMENT DEADLINES** |

1  WHEREAS this Court has ordered the parties (i) to file a Joint ADR Certification with
2  Stipulation as to ADR Process or Notice of Need for ADR Phone Conference by June 6, 2008;
3  (ii) to file a Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report
4  and file a Case Management Statement per attached Standing Order re Contents of Joint Case
5  Management Statement by June 20, 2008; and (iii) to attend an initial case management
6  conference on June 27, 2008, at 10:30 A.M.;
7  WHEREAS this case has been designated by the Judicial Panel on Multidistrict Litigation
8  (the "Panel") as one of thirty-seven related actions filed in various jurisdictions across the country
9  and alleging antitrust law violations in the sale of packaged ice;
10 WHEREAS, the Panel has determined that this case should be consolidated with the other
11 thirty-six related class actions – as well as twenty-eight additional potential tag-along class
12 actions – as MDL No. 1952 (In re Packaged Ice Antitrust Litigation) before Judge Paul D.
13 Borman in the Eastern District of Michigan;
14 WHEREAS the Panel, on June 5, 2008, entered the Transfer Order attached as Exhibit A
15 to this Stipulation, therein memorializing these facts and findings;
16 WHEREAS the parties expect that all individual cases in MDL No. 1952 will be
17 consolidated by the Panel in the very near future so that they may proceed according to a single
18 schedule; and
19 WHEREAS this Court's existing order regarding scheduling would eliminate the
20 economies of time and scale gained by having all of the cases in MDL No. 1952 handled in a
21 consolidated fashion,
22 Plaintiff and Defendants Reddy Ice Holdings, Arctic Glacier Income Fund, Arctic Glacier,
23 Inc., Arctic Glacier International Inc., Arctic Glacier California, Inc., and Home City Ice
24 Company ("Defendants") agree that delaying (or striking) the initial deadlines set by this Court
25 serves the interests of all parties and this Court.
26 NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between
27 the Plaintiff and the Defendants in the Action, by and through their undersigned counsel or
28 counsel acting on their behalf, that each of the deadlines mentioned in the first paragraph of this

Stipulation shall be extended an additional three months so that the revised deadlines for each action will be no earlier than as set out below:

| | |
|---|---|
| September 5, 2008 | Deadline to file a Joint ADR Certification with Stipulation as to ADR Process or Notice of Need for ADR Phone Conference. |
| September 19, 2008 | Deadline to file a Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file a Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement. |
| September 26, 2008 | Initial Case Management Conference at 10:30 A.M. |

Dated: June 17, 2008

By: s/ Mario N. Alioto
    Mario N. Alioto
    Lauren C. Russell

*Attorneys for Plaintiff Marin Scotty's Market, Inc.*

Dated: June 17, 2008

JONES DAY

By: s/ Paula Render
    Paula Render

*Attorney for Defendants Arctic Glacier Income Fund, Arctic Glacier, Inc., Arctic Glacier International, Inc., & Arctic Glacier California, Inc.*

Dated: June 17, 2008

DLA PIPER US LLP

By: s/ James R. Nelson
    James R. Nelson

*Attorney for Defendant Reddy Ice Holdings, Inc.*

Dated: June 17, 2008

HOGAN & HARTSON

By: s/ Sanford Litvack
    Sanford Litvack

*Attorney for Defendant Home City Ice Co.*

Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Mario N. Alioto, Paula Render, James R. Nelson, and Sanford Litvack.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: June 20, 2008

_____
Honorable Maxine M. Chesney
United States District Judge

# EXHIBIT A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 05, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PACKAGED ICE
ANTITRUST LITIGATION

MDL No. 1952

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in nine actions pending in the Eastern District of Michigan (two actions), the District of Minnesota (five actions), the Northern District of Ohio (one action) and the Northern District of Texas (one action) have submitted five motions,[1] pursuant to 28 U.S.C. § 1407, for centralization of a total of 37 actions. No responding party opposes centralization, but the parties disagree as to the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Southern District of California, the Eastern District of Michigan, the District of Minnesota, the Northern District of Ohio, or the Northern District of Texas. Responding defendants[2] support centralization in the District of Minnesota.

This litigation currently consists of 37 actions listed on Schedule A and pending in eight districts as follows: twelve actions in the Eastern District of Michigan, ten actions in the District of Minnesota, seven actions in the Northern District of Texas, four actions in the Northern District of Ohio, and one action each in the Northern District of California, the Southern District of California, the District of Kansas and the Southern District of Ohio.[3]

On the basis of the papers filed and hearing session held, we find that these 37 actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from allegations that defendants conspired to

---

[1] Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). *See* Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

[2] Reddy Ice Holdings, Inc.; Reddy Ice Corp.; Arctic Glacier Income Fund; Arctic Glacier, Inc.; Arctic Glacier International, Inc.; and Home City Ice Co.

[3] In addition to the 37 actions now before the Panel, the parties have notified the Panel of 28 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. at 435-36.

- 2 -

allocate markets and to fix, raise, maintain and/or stabilize the price of packaged ice in the United States, in violation of state and federal antitrust laws. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

While any number of the proposed transferee forums would be acceptable, we are persuaded that the Eastern District of Michigan is an appropriate transferee district for pretrial proceedings in this litigation. This district offers a relatively geographically central district with favorable caseload conditions. More pending actions and potential tag-along actions have been filed in the Eastern District of Michigan than in any other district. Additionally, the grand jury investigating the packaged ice industry is based in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Paul D. Borman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen            J. Frederick Motz
Robert L. Miller, Jr.       Kathryn H. Vratil
David R. Hansen             Anthony J. Scirica

IN RE: PACKAGED ICE ANTITRUST
LITIGATION                                                                                          MDL No. 1952

### SCHEDULE A

Northern District of California

Marin Scotty's Market, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 3:08-1486

Southern District of California

Jan Barranco-Grams v. Reddy Ice Holdings, Inc., et al., C.A. No. 3:08-539

District of Kansas

Jenifer Valencia v. Arctic Glacier Income Fund, et al., C.A. No. 2:08-2138

Eastern District of Michigan

F&V Oil Co., Inc., et al. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11152
S&S Lima, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11182
Silver Springs Liquor, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11200
Elite Energy, LLC v. Arctic Glacier Income Fund, et al., C.A. No. 2:08-11201
Melrick, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11204
RSB Wellman Co., Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11213
Joseph Krainc, etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11238
Circle Beer & Beverage, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11293
Mazel LLC v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11315
Y&R's, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11316
Linco Distributing Co., Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11330
823 Sproul Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 2:08-11345

District of Minnesota

Ridge Plaza, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08-657
Mall Mart, Inc., etc. v. Arctic Glacier Income Fund, et al., C.A. No. 0:08-663
The Baron Group, Inc., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08-670
Kozak Enterprises, Inc. v. Arctic Glacier Income Fund, et al., C.A. No. 0:08-704
Solid Waste, Ltd., etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08-713

- A2 -

**MDL No. 1952 Schedule A (Continued)**

District of Minnesota (Continued)

Thrifty Liquor, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08-777
Chukrid Khorchid, etc. v. Arctic Glacier Income Fund, et al., C.A. No. 0:08-809
G.M. Food & Fuel, LLC, etc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08-826
Public Foods, Inc., et al. v. Reddy Ice Holdings, Inc., et al., C.A. No. 0:08-862
Thomas Beverage Co., Inc., etc. v. Arctic Glacier Income Fund, et al., C.A. No. 0:08-863

Northern District of Ohio

Chi-Mar Enterprises, Inc. v. Reddy Ice Holdings, Inc. et al., C.A. No. 1:08-657
Fu-Wah Mini Market v. Reddy Ice Holdings, Inc., et al., C.A. No. 1:08-666
Warrington Fuels, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 1:08-692
Marchbanks Travel Service, Inc., etc. v. Reddy Ice Corp., et al., C.A. No. 1:08-695

Southern District of Ohio

Champs Liquors, Inc. v. Reddy Ice Holdings, Inc., et al., C.A. No. 1:08-179

Northern District of Texas

Five Angels Management, etc. v. Arctic Glacier Income Fund, et al., C.A. No. 3:08-480
Joseph Massino v. Arctic Glacier Income Fund, et al., C.A. No. 3:08-496
Rodney Blasingame v. Reddy Ice Holdings, Inc., et al., C.A. No. 3:08-498
Ethamma Emmanuel, etc. v. Arctic Glacier Income Fund, et al., C.A. No. 3:08-507
Joseph Difabritiis 7-11 Food Store #24428 v. Reddy Ice Holdings, Inc., et al., C.A. No. 3:08-512
Rick Drontle, etc. v. Arctic Glacier Income Fund, et al., C.A. No. 3:08-536
Wilson Farms, Inc. v. Reddy Ice Holding, Inc., et al., C.A. No. 3:08-537